USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GIL SHEARER,

                Petitioner,

v.

JOSEPH T. SMITH, Superintendent,
Shawangunk Correctional Facility,

                Respondent.
------------------------------------------------------------x

**OPINION AND ORDER**

08 Civ. 9905 (ER)

**RAMOS, D.J.:**

Gil Shearer (the "Petitioner"), an incarcerated *pro se* litigant, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 17, 2008. Doc. 1. On December 22, 2009, the case was referred to the Honorable George A. Yanthis, United States Magistrate Judge, Doc. 7, and on January 6, 2012, the case was reassigned to this Court, Doc. 17.

On February 6, 2013, Judge Yanthis issued his Report and Recommendation (the "Report"), recommending that the instant petition be denied in its entirety. Doc. 19. Before the Court are Petitioner's Objections Pursuant to 28 U.S.C. § 636(b)(1), filed March 20, 2013, to the Report. Doc. 22. Familiarity with the prior proceedings, the Report, and the issues presented therein is presumed.

    **I.**    **Standard of Review**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews de novo those portions of the report and

recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

The objections of *pro se* parties are "generally accorded leniency" and should be construed to "raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (citations and internal quotation marks omitted), *aff'd*, 382 F. App'x 4 (2d Cir. 2010). However, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. Jul. 21, 2008) (citation and internal quotation marks omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).

**II.   Petitioner's Objections**

This case arises out of a dispute that occurred between Petitioner and Ishmael Morales ("Morales"). On March 21, 2003, at approximately 2:00 p.m., Petitioner claims that Morales punched him in the face for no reason while he was at a gas station. Pet'r's Objections at 2. Petitioner called his cousin, who met him at the gas station and accompanied him to Petitioner's

2

home. From approximately 5:30 p.m. to 10:00 p.m., Petitioner and his cousin searched, without success, for Morales. The next day, March 22, 2003, at approximately 3:00 p.m., Morales was traveling in a van with his father. Morales asked his father to stop at the corner of Third Avenue and Third Street in Mount Vernon. Petitioner and three others were across the street. Morales, unarmed, exited the vehicle and walked toward Petitioner. After a brief conversation with Petitioner, Morales proceeded to walk back toward his father in the van. Petitioner brandished a 9mm Luger handgun and fired in Morales' direction three times; one bullet struck him in the left hip. Morales died shortly thereafter as a result of the gunshot wound. Respondent's Mem. of Law at 2-5, Doc. 6.

On June 5, 2003, through Westchester County Indictment No. 03-708, Petitioner was charged with second degree depraved indifference murder (N.Y. Penal Law. § 125.25(2)), first degree manslaughter (N.Y. Penal Law § 125.20(1)), and criminal possession of a weapon in the second and third degrees (N.Y. Penal Law §§ 265.03(2)(A), 265.02(4)). Justice Walker of the Westchester County Supreme Court presided over pretrial suppression hearings on January 8-9, 2004. On January 22, 2004, Justice Walker rendered decisions on the pretrial motions and commenced a bench trial. On January 26, 2004, after six witnesses testified, Petitioner advised Justice Walker that he wanted to accept a negotiated plea. Aff. in Opp. to Petition at 4-5, Doc. 5; *see also* Pet'r's Objections at 5. Petitioner pleaded guilty to second degree depraved indifference murder in satisfaction of the indictment, and in exchange for the minimum sentence of fifteen years to life imprisonment. In addition, the People agreed to dispose of a pending unrelated charge of criminal possession of a controlled substance in the third degree under Westchester County Indictment No. 02-1566; Petitioner pleaded guilty thereto in exchange for a sentence of seven and one half years to fifteen years, to run concurrently with his sentence for second degree

murder. Aff. in Opp. to Petition at 5. On March 10, 2004, Justice Walker sentenced Petitioner based upon the negotiated terms of the plea bargain. Neither the People nor defense counsel made statements in connection with Petitioner's sentence. Likewise, Petitioner indicated to the Court that he did not wish to make a statement regarding his sentence. Respondent's Mem. of Law at 11.

### a. Objection Based Upon Alleged Insufficiency of Plea Allocution

Petitioner objects to Judge Yanthis's rejection of his argument that his guilty plea failed to satisfy due process because it lacked both a factual and legal basis. The Report summarized Petitioner's argument as follows: "Petitioner specifically alleges (1) there was no legal basis for his guilty plea because his actions did not, as a matter of law, constitute depraved indifference murder and (2) there was no factual basis for his guilty plea because he did not, nor was he asked to, recite facts supporting his conviction." Report at 15. Judge Yanthis rejected Petitioner's argument on several bases.

### i. Legal Basis for Plea Allocution

The New York Penal Law defines "depraved indifference murder" as a subcategory of second degree murder. A person is guilty of depraved indifference murder when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." N.Y. Penal Law § 125.25(2) (McKinney). At the time of Petitioner's trial in January of 2004, section 125.25(2) was construed according to the New York Court of Appeals' decision in *People v. Register*, which held that "recklessness" was the required mental state for depraved indifference murder. 60 N.Y.2d 270, 276-78, 469 N.Y.S.2d 599, 457 N.E.2d 704 (1983); *see also People v. Sanchez*, 98 N.Y.2d 373, 378-79, 748 N.Y.S.2d 312, 777 N.E.2d 204, 207-08

(2002) (reaffirming *Register*). Subsequent to Petitioner's trial, and before his sentence became final,[1] the Court of Appeals explicitly overruled *Register* and its progeny, announcing that the *mens rea* requirement for depraved indifference murder is not recklessness, but rather, "depraved indifference." *People v. Feingold*, 7 N.Y.3d 288, 295-6, 819 N.Y.S.2d 691, 852 N.E.2d 1163 (2006). The post-*Feingold* interpretation of "depraved indifference" prevents convictions in cases where the defendant *intended* to cause a particular individual's death, because such acts demonstrate quite the opposite of "indifference" towards that person's life. *See, e.g., Petronio v. Walsh*, 736 F. Supp. 2d 640, 650 (E.D.N.Y. 2010) (interpreting state law) (after *Feingold*, "'indifference' is now best understood as a dispassion towards the fate of the victim—'a willingness to act ... because one simply doesn't care whether grievous harm results or not.'" (citations omitted)).

Here, Judge Yanthis reviewed the Petition under the post-*Feingold* depraved indifference murder standard and found that the record contains a factual basis on which to conclude that Petitioner "did not intend to murder his victim and, instead, acted with a depraved indifference to human life." Report at 14. In particular, Judge Yanthis cited Petitioner's grand jury testimony, which indicated that he "wanted to hurt [the victim]" because "he was angry," as well as statements made by Petitioner that evince a lack of premeditation or intent to kill. *Id.* Judge Yanthis also concluded that "[t]he undisputed facts create considerable doubt that Petitioner

---

[1] Courts have held that defendants may benefit from changes in the law that occur before their convictions become final. *See Fernandez v. Smith*, 558 F. Supp. 2d 480, 498-502 (S.D.N.Y. 2008); *cf. Sanchez v. Lee*, No. 10 Civ. 7719 (PKC) (AJP), 2011 WL 3477314 (S.D.N.Y. Aug. 8, 2011), *aff'd*, 508 F. App'x 46 (2d Cir. 2013) ("I respectfully disagree with courts who conclude that a petitioner may show actual innocence sufficient to excuse a procedural default in state court by identifying a change in the law that occurred post-conviction but before the conviction became final."). In New York, a defendant's conviction becomes final ninety days after the Court of Appeals denies his application for leave to appeal. *Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005). Here, the Court of Appeals denied Petitioner leave to appeal from the Second Department's determination on September 24, 2008. Thus, Petitioner's case became final subsequent to the Court of Appeals' 2006 decision in *People v. Feingold*.

5

acted with premeditation" because Petitioner had not expected to see the victim on the day that he killed him—it was a chance encounter. *Id.* (citations omitted).

Petitioner objects to the Report because, he argues, the facts in the record before the trial court fail to meet the elements of depraved indifference murder under either *People v. Payne*, 3 N.Y.3d 266, 277 (2004) (holding that the requisite level of "indifference" cannot typically be exhibited in one-on-one, intentional assaults that result in the victim's death) or the standard later adopted by the Court of Appeals in *Feingold*, 7 N.Y.3d at 296. *Id.* at 7.

Petitioner's arguments merely rehash those contained in the Petition, and therefore do not trigger *de novo* review. Having reviewed the Report, which devotes significant attention to analyzing the relevant case law, the Court finds that Judge Yanthis correctly applied the New York standard for depraved indifference murder to the facts at bar. *See id.* at 11-14. Consequently, for the reasons articulated in Judge Yanthis's exhaustive Report, the Court overrules Petitioner's Objections and finds that the facts adduced on the record satisfy the elements of depraved indifference murder.

### ii. Factual Basis for Plea Allocution

Petitioner objects to Judge Yanthis's findings by arguing that he did not "admit to sufficient facts to warrant his conviction of depraved indifference murder," and that his admission to the trial judge's reading of the elements of depraved indifference murder fails to form an adequate factual basis for the offense. Pet'r's Objections at 4. During allocution, Petitioner admitted that he "recklessly engage[d] in conduct that created a grave risk of death" to Morales, "under circumstances evincing a depraved indifference to human life." Report at 8-9. Petitioner's allocution also indicates that trial counsel informed Petitioner of the consequences of pleading guilty and that Petitioner was satisfied with trial counsel's representation. *Id.* at 5-9.

With respect to Petitioner's "lack of factual basis" argument, Judge Yanthis found that "due process does not mandate a factual basis inquiry [into the charged conduct] by state courts." Report at 15 (quoting *United States v. Foster*, No. 06 Cr. 4871, 2008 WL 162845, at *1 (2d Cir. 2008)). Rather, Rule 11 of the Federal Rules of Criminal Procedure, "not due process," imposes a requirement on *federal* courts to conduct a factual inquiry before accepting a guilty plea. *Id.* (quoting *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984) and *Ames v. New York State Div. of Parole*, 772 F.2d 13, 15 (2d Cir. 1985) (state court's guilty plea colloquy does not have to be premised on Fed. R. Crim. P. 11)). Provided that a showing of the knowing, voluntary and intelligent nature of the guilty plea has been made, "[d]ue process does not require a more detailed inquiry into the facts underlying the plea, or that the facts be recited by the accused himself." *Id.* at 17 (quoting *Sabino v. Greiner*, No. 99 Civ. 12022, 2000 WL 328904, at *3 (S.D.N.Y. Mar. 29, 2000)); *see also United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006). Judge Yanthis correctly concluded, based upon a review of the transcript of the plea hearing, that Petitioner knowingly, voluntarily and intelligently entered the guilty plea, received satisfactory representation from trial counsel, and "was informed and aware of the consequences of his guilty plea." Report at 16-17.

Petitioner also objects to the Report's conclusion that he voluntarily pleaded guilty because he claims that it was clear to him that if he failed to accept the People's plea offer to depraved indifference, "the court would sentence him to a substantially longer sentence after trial." *Id.* at 7-9. Petitioner's argument that he was somehow coerced into accepting the plea because of its *advantageous* nature—in that the plea reduced Petitioner's potential sentence from twenty-five to fifteen years—is directly at odds with the law. While one of the factors motivating Petitioner's decision to accept the guilty plea may have been "the possibility of a

heavier sentence following a guilty verdict after a trial," the Supreme Court has expressly held that even if fear of an increased sentence causes a defendant to accept a plea, "it does not necessarily prove that the plea was coerced and invalid as an involuntary act." *Brady v. United States*, 397 U.S. 742, 749-50 (1970) (defendant's plea of guilty was not rendered involuntary because of possible fear of death penalty if case proceeded to trial); *id.* at 750 (pleas based on a defendant's fear of receiving a greater sentence at trial "are no more improperly compelled than is the decision by a defendant at the close of the State's evidence at trial that he must take the stand or face certain conviction.").

Accordingly, the Court adopts Judge Yanthis's well-reasoned recommendation to deny Petitioner's claims based upon the sufficiency of plea allocution.

### b. Objection Based Upon Alleged Ineffective Assistance of Appellate Counsel

Judge Yanthis also rejected Petitioner's arguments that appellate counsel was ineffective because counsel failed to argue on direct appeal that (1) Petitioner's plea was not knowingly, voluntarily and intelligently made and (2) trial counsel was ineffective because he advised Petitioner to accept a guilty plea—even though his actions did not constitute depraved indifference murder—and failed to preserve the issue of the insufficiency of the plea allocution. Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), Judge Yanthis found that, because Petitioner's counsel's performance was not objectively unreasonable, and because his counsel's purported error would not have altered the outcome of the proceeding, Petitioner failed to satisfy either prong of *Strickland*. Report at 17-19.

Here, too, Petitioner objects to the Report's conclusions by restating many of his prior arguments. Petitioner claims his appellate counsel failed to raise the argument that the trial court and/or the prosecutor misinformed him of the essential elements of depraved indifference

murder, and therefore, he could not have made an informed decision. Pet'r's Objections at 13-16. Petitioner claims that there is a "reasonable probability," sufficient to satisfy *Strickland*, that but for counsel's error, the outcome of his proceeding would have been different. *Id.* at 16. Petitioner further argues that his counsel acted in an objectively unreasonable manner because "[a]ny competent appeal attorney would know they can't argue the facts and circumstance[s] of a crime on direct appeal if the defendant takes a plea of guilty." *Id.*

The Court finds that Judge Yanthis properly interpreted and applied the clear holding of *Strickland*.[2] There is no merit to any of the claims Petitioner now wishes to pursue on appeal,[3] and therefore he has failed to establish a "reasonable probability" that the omitted claims would have borne fruit. As Petitioner himself notes, "[f]ailure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is clearly stronger and more significant than those presented." Pet'r's Objections at 12-13 (citing *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)). The Court agrees with Judge Yanthis that appellate counsel cannot be deemed an objectively unreasonable actor for having failed to raise Petitioner's proposed meritless arguments.

Because the facts upon which Petitioner relies are insufficient to state a claim for ineffective assistance of counsel, this Court will adopt the Report over his objections.

---

[2] To prevail on an ineffective assistance claim under *Strickland,* a criminal defendant must show that: (1) counsel's performance "fell below an objective standard of reasonableness" in light of prevailing professional norms, 466 U.S. at 687-88, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. A court may reject an ineffective assistance of counsel claim for failure to satisfy either prong of the *Strickland* standard, without reaching the other. *See id.* at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

[3] Indeed each claim that forms the basis for appellate counsel's purported ineffectiveness—that Petitioner's plea was not knowing and voluntary, and that his actions did not constitute depraved indifference murder—are addressed by the Court herein and have been rejected. Thus appellate counsel could not have been ineffective in failing to pursue an appeal on those bases.

### III. **Conclusion**

Accordingly, having reviewed the Petitioner's and the Respondent's papers, as well as all of the other documents on file in this matter, the Court ADOPTS Judge Yanthis's Report and Recommendation. The Petition is hereby DISMISSED.[4]

The Court further concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly a certificate of appealability is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to close this case.

It is SO ORDERED.

Dated: October 9, 2013
       New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

[4] The Court also DENIES Petitioner's request for an evidentiary hearing (Pet'r's Objections at 18-19) regarding the claims contained in his objections because Petitioner has failed to show good cause for discovery, and the allegations before the Court do not provide a reason to believe that the Petitioner may be able to demonstrate that he is entitled to relief. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997); Rules Governing § 2254 Cases, Rules 6(a), 8.